■ Edward J. Harvey, Jr., as Executor of Edward Harvey, Sr., Deceased, Appellant, v Members Employees Trust for Retail Outlets, Respondent. [708 NYS2d 458] —In an action for a judgment declaring that the defendant is obligated to reimburse the plaintiff for certain medical and hospital bills pursuant to a medical insurance policy issued by the defendant to the plaintiff's decedent, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 4, 1999, which denied his motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is obligated

to reimburse the plaintiff for the subject medical and hospital bills pursuant to the medical insurance policy issued by the defendant to the plaintiff's decedent.

The defendant insurer disclaimed coverage for hospital and medical expenses incurred by the plaintiff's decedent on the ground that the decedent's illness arose from the use of alcohol. However, Insurance Law § 3221 and its implementing regulations do not permit an insurer to exclude coverage for medical conditions which develop as a consequence of alcohol use (see, 11 NYCRR 52.16 [c]). Furthermore, although the defendant provided coverage to the decedent pursuant to a plan under the Employee Retirement Income Security Act (see, 29 USC § 1001 et seq.; hereinafter ERISA), the requirements of Insurance Law § 3221 and its implementing regulations are not preempted by ERISA (see, Trapanotto v Aetna Life Ins. Co.— Aetna Health Plans, 1996 WL 417519 [SD NY 1996]; see also, New York State Conference of Blue Cross & Blue Shield Plans v Travelers Ins. Co., 514 US 645; Travelers Ins. Co. v Pataki, 63 F3d 89). Accordingly, the defendant is required to reimburse the plaintiff for expenses relating to the decedent's final hospitalizations.

The defendant's remaining contentions are without merit. Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.